UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SAM QUIAH,<br><br>Plaintiff,<br><br>vs.<br><br>MINNEHAHA COUNTY JAIL,<br><br>Defendant. | 4:26-CV-04074-ECS<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff Sam Quiah filed a pro se prisoner civil rights lawsuit under 42 U.S.C. § 1983 while he was incarcerated at the Minnehaha County Jail. Doc. 1 at 1; Doc. 2 at 1. Quiah moves for leave to proceed in forma pauperis and provided a financial affidavit subsequent to his release from the Minnehaha County Jail. Docs. 2, 5.

## I.      Motion for Leave to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). At the time Quiah filed his complaint and motion for leave to proceed in forma pauperis, he was an inmate at the Minnehaha County Jail. Doc. 1 at 1; Doc. 2 at 1. But before the Court ruled on Quiah's motion for leave to proceed in forma pauperis, he was released[1] and subsequently returned to custody.[2] A "prisoner" is defined as "any person

---

[1] Quiah provided the Court with a notice of change of address providing that he is no longer incarcerated. See Doc. 4. Quiah is not listed as an inmate on the inmate listing portal for the Minnehaha County Jail. See Who's Behind Bars, Minnehaha County Sheriff's Office, https://web.minnehahacounty.gov/dept/so/jailInmateInfo/jailInmateInfoSearchResults.php?txtLastName=Quiah&g-recaptcha-response=&btnSearch= (last visited July 17, 2026).

[2] See Inmates, Clay County Sheriff, https://portal-sd-clay-so.centralsquarecloudgov.com/inmates (last visited July 22, 2026) (providing that Quiah was arrested on July 9, 2026, and is in custody at the Clay County Jail).

incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Because "[a] plaintiff's prisoner status is determined at the time when he filed the action[,]" the PLRA applies to Quiah because he filed his complaint while incarcerated.[3] Keith v. Summers, No. 4:24-CV-04077-LLP, 2025 WL 267049, at *1 (D.S.D. Jan. 21, 2025) (collecting cases).

Because a prisoner seeking in forma pauperis status must pay the full filing fee under the PLRA, "the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

While Quiah did not submit a prisoner trust account report at the time he filed his complaint and motion for leave to proceed in forma pauperis, he submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) shortly after he filed his complaint and was subsequently released from custody. Doc. 5. Quiah has not submitted a prisoner trust account report since he was returned to custody at the Clay County Jail. But because he has only recently

---

[3] Circuit courts are split on whether the PLRA continues to apply after the prisoner is released during litigation. See Carson v. Tulsa Police Dep't, 266 F. App'x 763, 766–67 (10th Cir. 2008) (describing split in authority); see also Domino v. Garland, No. 20-CV-2583, 2021 WL 1221188, at *1 n.3 (D. Minn. Apr. 1, 2021). Courts within the Eighth Circuit, and within the District of South Dakota, have held that if a prisoner filed the action while in custody, the prisoner remains liable for the filing fee even if he is later released from custody. See Bell v. Mattson, No. 4:24-CV-04179-KES, 2025 WL 1249453, at *2 (D.S.D. Apr. 30, 2025) (collecting cases). This Court need not undertake this analysis, however, as courts within the District of South Dakota have noted that a prisoner who files a complaint while in custody and is subsequently released will be subject to the provisions of § 1915(b)(2) should he return to custody. Id. at *3 n.1 (citations omitted).

2

been incarcerated at the Clay County Jail, Quiah would not be able to provide his average monthly deposits and average monthly balances for the past six months, required information in the prisoner trust account report. Therefore, this Court will consider the AO 239 form Quiah filed shortly after his release from the Minnehaha County Jail, Doc. 5, in lieu of a prisoner trust account report. After reviewing Quiah's financial affidavit, Doc. 5, this Court finds that he has insufficient funds to pay the filing fee. Thus, Quiah's motion for leave to proceed in forma pauperis, Doc. 2, is granted, and this Court waives his initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Quiah must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Id. The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Quiah's institution. Quiah remains responsible for the entire $350 filing fee. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II.    1915A Screening[4]

### A.    Factual Background as Alleged by Quiah

While Quiah was incarcerated at the Minnehaha County Jail, he "repeatedly complained to medical staff about ongoing and significant back pain." Doc. 7 at 1.[5] Quiah "submitted multiple requests for medical attention and informed staff that [his] condition was causing persistent pain and affecting [his] daily activities." Id. While he was at the Minnehaha County Jail, "medical staff ordered approximately three to four X-rays of [Quiah's] back." Id. After the first two X-rays he received, "[he] was told that there was nothing wrong with [his] back and that no significant issues had been found." Id. Quiah continued to complain about his symptoms, and "the primary response from medical staff was to increase [his] Naproxen medication." Id. But the medication did not resolve his symptoms, and he was "not provided with further diagnostic testing, specialist evaluation, physical therapy, or other treatment directed at identifying and addressing the cause of [his] pain[]" despite his requests for additional evaluation and treatment. Id.

During his third X-ray appointment, Quiah "was informed that there was a bulging disk and possible issues involving [his] L4 and L5 vertebrae." Id. Quiah alleges that he "later learned that these findings had reportedly been identified on an earlier X-ray[,]" but that "[d]espite those findings, [he] continued to be told that there was nothing wrong with [his]

---

[4] Because Quiah filed this action while incarcerated, and because he has subsequently been returned to custody, the Court conducts this screening pursuant to § 1915A. See Domino, 2021 WL 1221188, at *1. But even if Quiah's petition was not subject to a § 1915A screening, the Court's analysis would be the same under 28 U.S.C. § 1915(e). See id. at *1 n.2.

[5] In addition to his complaint, Quiah also submitted a "Statement of Facts" describing more clearly the events giving rise to his complaint. Doc. 7. In considering whether Quiah has stated a claim upon which relief may be granted, the Court may look to "documents necessarily embraced by the complaint[.]" Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (citing Enervations. Inc. v. Minn. Min. & Mfg. Co., 380 F.3d 1066, 1069 (8th Cir. 2004)).

back[.]" Id. Quiah was then "informed about [his] real test result after putting in countless grievance," but was still "not given the proper treatment[.]" Doc. 1 at 4. Quiah alleges that the "Minnehaha County medical Jail Staff lied to [him] about [his] test results[,]" and states that M2127 Director of Nursing informed him that "previous test [sic] have all been unremarkable so there is no Medical Necessity for additional testing." Id. After he was informed of the bulging disk and the "possible issues involving [his] L4 and L5 vertebrae[,]" Quiah claims that his "treatment did not change in any meaningful way, and [his] condition remained unresolved while [he] continued to experience pain throughout [his] incarceration." Doc. 7 at 1.

According to Quiah, he had been "begging medical staff for help" since November 3, 2025, at the time he filed his complaint. Doc. 1 at 4. He claims that his back has "gotten wost [sic] because Jail Staff refused to acknowledge/treat [his] issue[,]" and that he is unable to walk "with a Straight Posture." Id. Quiah alleges that he "continue[s] to suffer from back pain and related symptoms[,]" and that "[b]ecause [he] was not provided with what [he] believe[s] was appropriate evaluation and treatment while incarcerated, [he is] concerned that [his] condition may have worsened or progressed without proper medical care." Doc. 7 at 1. As a result, Quiah alleges that he has "suffered ongoing pain, discomfort, emotional distress, and continuing uncertainty regarding the condition of [his] back." Id.

Quiah only names the Minnehaha County Jail as a defendant. Doc. 1 at 1–2, 4. As relief, Quiah requests "justise [sic] for the mistreatment and for the misdiagnoses [he has] received while being an inmate in the Minnehaha County Jail." Id. at 7. Quiah also requests $500,000 "for compensation, mistreatment, misdiagnosed [sic]." Id.

**B.    Legal Standard**

The Court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (citations omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant

6

who is immune from such relief." 28 U.S.C. § 1915A(b). This Court will now assess the claims under 28 U.S.C. § 1915A.

### C.    Legal Analysis

Liberally construing his complaint, Quiah brings an Eighth Amendment deliberate indifference to serious medical needs claim.[6] Doc. 1 at 4; see Estelle v. Gamble, 429 U.S. 97, 104 (1976) (stating that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain[]' proscribed by the Eighth Amendment." (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976))). But the only defendant Quiah names is the Minnehaha County Jail, and "county jails are not legal entities amenable to suit." Owens v. Scott Cnty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam); see also LaDeaux v. Woodbury Cnty. Jail, 857 F. App'x 892, 893 (8th Cir. 2021) (per curiam) (finding that a claim against a county jail failed because "the Jail was not a legal entity subject to suit."). Therefore, this Court dismisses Quiah's claim against the Minnehaha County Jail without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Quiah may, however, file an amended complaint naming a defendant that is amenable to suit. Quiah is cautioned that an amended complaint replaces an original complaint and "renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000)). Thus, any claim Quiah wishes to bring, against all defendants he wishes to name,

---

[6] In the event that Quiah was a pretrial detainee at the time the conduct alleged in his complaint occurred, his deliberate indifference claims would be analyzed under the Fourteenth Amendment's due process protections, rather than the Eighth Amendment. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). Because the Eighth Circuit has not established a different standard for this analysis, deliberate indifference claims under the Fourteenth Amendment may be examined under the same deliberate indifference standard as Eighth Amendment claims by convicted inmates. Id. at 152–53.

must be included in an amended complaint, along with the supporting factual allegations. "Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered." Childress v. Conley, No. 1:24-CV-00195 JMB, 2024 WL 4564213, at *2 (E.D. Mo. Oct. 23, 2024) (citing In re Wireless, 396 F.3d at 928). If Quiah chooses to file an amended complaint, he must do so **within thirty days of the date of this Court's screening order.** Failure to file an amended complaint will result in the dismissal of his case without prejudice for failure to prosecute and failure to state a claim.

## III.    Conclusion

It is therefore ORDERED:

1.    That Quiah's motion for leave to proceed in forma pauperis, Doc. 2, is granted, and his second motion for leave to proceed in forma pauperis, Doc. 5, is denied as moot.

2.    That the Clerk of Court will send a copy of this order to the appropriate financial official at Quiah's institution.

3.    That the institution having custody of Quiah is directed that whenever the amount in Quiah's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Quiah's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

4.    That Quiah's claim against the Minnehaha County Jail is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28

8

U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) though this Court delays 30 days in entering judgment of dismissal to allow Quiah time to amend his complaint.

5.   That Quiah may file an amended complaint seeking relief that this Court may grant. Failure to file an amended complaint **within thirty days of the date of this Court's screening order** will result in the dismissal without prejudice of Quiah's complaint without prejudice for failure to prosecute and failure to state a claim.

DATED July 28, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

9